**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-1458

CLIFTON LLC,

        Plaintiff - Appellant,

    v.

DEWEY W. TADLOCK,

        Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:11-cv-01234-RBH)

Argued:  February 1, 2013        Decided:  March 1, 2013

Before WILKINSON and FLOYD, Circuit Judges, and Joseph R. GOODWIN, United States District Judge for the Southern District of West Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Troy Jahleel Kenaz Lambert, ALTER & BARBARO, Brooklyn, New York, for Appellant.  Wallace H. Jordan, Jr., WALLACE H. JORDAN, JR., PC, Florence, South Carolina, for Appellee.  **ON BRIEF:** Bernard Mitchel Alter, ALTER & BARBARO, Brooklyn, New York, for Appellant.  John L. Schurlknight, SCHURLKNIGHT & RIVERS, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This diversity action governed by South Carolina law stems from a series of lease agreements with options to purchase property in South Carolina.  The parties to the agreements were Charlie Alston, a member of plaintiff Clifton LLC, and defendant Dewey W. Tadlock.  Alston has since passed away, and the administratrix of his estate filed this suit.

According to the complaint, an oral modification to the agreement required Alston to purchase a fire insurance policy naming Tadlock the owner of the premises, the proceeds of which were to be used for rehabilitation in the event of a fire. The plaintiff asserts that a fire occurred and that Tadlock received $300,000 in insurance proceeds but did not rehabilitate the property. The complaint seeks specific performance of the alleged oral modification such that the defendant will rehabilitate the property himself or, alternatively, seeks an amount essentially equal to the insurance proceeds (in a variety of forms) such that the plaintiff can restore the premises.

The complaint was filed on May 23, 2011.  On March 26, 2012, the district court granted the defendant's motion for summary judgment, dismissing the case with prejudice.  The court held that the three-year statute of limitations for general contract claims, S.C. Code § 15-3-530(1), barred the action -- whether the statute began to run on the date of the fire, May

2

24, 2005, as suggested by the defendant, or sometime after title to the property was transferred, in December 2005, as argued by the plaintiff. On the strength of abundant South Carolina precedent, the district court rejected the plaintiff's arguments for applying a different statute of limitations -- specifically, the twenty-year statute governing "an action upon a sealed instrument," S.C. Code § 15-3-520(b), or the ten-year statute pertaining to "an action founded upon a title to real property or to rents or services out of the same," S.C. Code § 15-3-350.

This court reviews the grant of summary judgment de novo, "viewing the facts and the reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008). Having carefully examined the briefs, the record, and the decision below, we find no error. We accordingly affirm the judgment on the reasoning of the district court. See Clifton, LLC v. Tadlock, No. 4:11-cv-01234-RBH, 2012 WL 909826 (D.S.C. Mar. 16, 2012).

AFFIRMED

3